IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00245-MSK-KMT

**BENJAMIN DAVIS**

    Plaintiff,

v.

**WILFREDO ANDUJAR,** Denver Deputy Sheriff, and
**DONALD TRAVIS,** Denver Deputy Sheriff

    Defendants.

___

**STIPULATION AND PROTECTIVE ORDER**
___

    Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1. In this action Plaintiff has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business, penal or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary or

1

note designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated by imprinting the word "Confidential" on the first page or cover of any document produced;

4. All Confidential Information provided by a Party in response to a discovery request shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. The Parties to this action, their undersigned counsel and any third party designated by the Court as the custodian of the information designated as Confidential Information shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. Defendant shall not make copies of information designated as Confidential Information pursuant to paragraph 3, herein, except by Court order.

7. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the basis for such protective order.

      8. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

      9. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

      10. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

      11. Upon termination of this litigation, including any appeals, Defendant or such person designated as custodian of the information designated as Confidential Information shall

immediately return to the producing party all Confidential Information provided subject to this Protective Order.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 23rd day of December, 2008.

**BY THE COURT:**

s/ Kathleen M. Tafoya
Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By_____
Benjamin Davis, *Pro Se*
DOC. No. 88187
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO 80751

By_____
Thomas Bigler
Assistant City Attorney
Office of the City Attorney
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202
*Attorney for Defendants*
Telephone: 720-913-3100
Facsimile: 720-913-3182