IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00245-MSK-KMT

BENJAMIN DAVIS,

    Plaintiff,

v.

WILFREDO ANDUJAR, Denver Deputy Sheriff,

    Defendant.
_____

### OPINION AND ORDER DENYING MOTION FOR SERVICE OF SUBPOENAS
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff Benjamin Davis's Letter **(# 89)** regarding the issuance of *subpoenas ad testificandum* and *subpoenas duces tecum* and his Offer of Proof **(# 88)**, filed as a notice.

Mr. Davis is an inmate of the Colorado Department of Corrections. On February 5, 2008, he was granted leave to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. That designation entitles him to prosecute this action "without prepayment of fees or security therefor."

Trial in this case is set for February 8, 2010 **(# 74)**. On August 28, 2009, Mr. Davis filed an Unopposed Motion for Service of Trial Subpoenas by U.S. Marshals **(# 79)** requesting that the Clerk prepare and serve *subpoenas* on his identified witnesses and that the costs of service be borne by the United States. The Court denied the Motion as inadequate **(# 80)** because Mr. Davis did not specify the witnesses he intended to call and the testimony he intended to elicit from each witness. The Court advised Mr. Davis that the *subpoenas* would only be authorized if

the anticipated testimony was relevant but not redundant or cumulative.

The instant filings followed. Mr. Davis's Letter **(# 89)** simply includes the *subpoenas* for his witnesses; it does not specifically request service by the U.S. Marshals Service or waiver of witness fees. The accompanying Offer of Proof **(# 88)** sets forth the testimony Mr. Davis anticipates eliciting from each witness.

The Court is mindful that Mr. Davis is proceeding *pro se* and, therefore, construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate. *Pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Here, the Court will construe Mr. Davis's Letter as a motion for issuance of the attached *subpoenas*. The Court will further read Mr. Davis's Letter as incorporating his previous request that the fees associated with the *subpoenas* be paid by the United States.

Fed. R. Civ. P. 45(b)(1) provides that a subpoena may be served by any person not a party to the case, and that such service is effectuated by tendering the subpoena, along with "fees

for one day's attendance and the mileage allowed by law" to the witness.[1]  Mr. Davis did not tender such fees with his *subpoenas*; instead, he requests that the United States pay the costs associated with the *subpoenas*.  As support he merely cites to his *in forma pauperis* status and states that he cannot afford to pay.

However, authorization to proceed *in forma pauperis* does not excuse a litigant from paying the required witness fees and mileage.  The expenditure of public funds on behalf of an indigent litigant is only proper when authorized by Congress.  *See United States v. MacCollom*, 426 U.S. 317, 321 (1976).  As neither § 1915 nor any other statute provides such authorization, federal courts lack the authority to waive witness or order payment of witness fees on behalf of an *in forma pauperis* civil litigant.  *See Hooper v. Tulsa County Sheriff Dep't*, 113 F.3d 1246, 1997 WL 295424, at *2 (10th Cir. Jun. 4, 1997) (unpublished); *Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993); *Tedder v. Odel*, 890 F/2d 210, 211–123 (9th Cir. 1989); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *see generally* Wright & Miller, Federal Practice and Procedure (Civil 2d) § 2454 ("at least one court has held that Section 1915(c) of Title 28 of the United States Code requires the government to pay the expenses of the subpoenaed witnesses.  However, the great weight of authority, including several court of appeals decisions, is to the contrary.") (footnotes omitted).

Because Mr. Davis has not tendered the required witness fees and mileage for the persons

---

[1] One day's attendance fee for a witness is currently set by statute at $40.  28 U.S.C. § 1821(b).  Mileage is payable based on distances and rates set by the General Services Administration ("GSA").  *See* 18 U.S.C. § 1821(c)(2).  A review of the GSA's webpage indicates that the current mileage rate is $0.55 cents per mile.  *See* http://ww.gsa.gov.

to be subpoenaed, service of the *subpoenas* he has tendered would be futile.[2]  *See* Wright & Miller, *supra.* ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena").  Accordingly, although the Court construes Mr. Davis's Letter and tender of the *subpoenas* as a motion requesting that the Court direct their service, the motion is **DENIED WITHOUT PREJUDICE**.[3]  The Court will reconsider the issue upon Mr. Davis's tender of the witness fees and mileage or waiver of the same.

Dated this 17th day of December, 2009

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[2] However, as to Mr. Davis's proffer of the witnesses' anticipated testimony, it appears that each witness has information relevant to Mr. Davis's claims.  Furthermore, the anticipated testimony of Richard Korecki, Mrs. R. Chriette, Wilfredo Andujar, Jodi Blair, Joshua Fierek, and Ralph M. Stevenson does not appear to be redundant or cumulative.  Although the testimony by Eric Romero, Derrin Ray, Donald Travis, and Eric Rosenfeldt may be cumulative, it is not so obviously cumulative that the Court would decline to order issuance of the subpoenas on this ground.

[3] Even if Mr. Davis is unable to *subpoena* these witnesses, if Mr. Andujar calls these witnesses, Mr. Davis will be able to elicit testimony from them.  In any event, the City and County of Denver, who is defending Mr. Andujar in this case, is encouraged to voluntarily produce the witnesses who are subject to its control.